IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| **CARLA WATLINGTON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CASE NUMBER: 18-221** |
| v. ) | |
| ) | |
| **OCWEN LOAN SERVICING, LLC,** ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendant.** ) | |

## COMPLAINT

**COMES NOW** CARLA WATLINGTON ("Plaintiff") and as her Complaint against OCWEN LOAN SERVICING, LLC ("Ocwen" or "defendant"), states as follows:

## PRELIMINARY STATEMENT

This action arises from the servicing of a mortgage loan by Ocwen, the mortgage servicer. Specifically, Ocwen has unlawfully attempted to collect the debt with its harassing and unlawful telephone collection campaign. These collection attempts violate the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq.

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331, 47 U.S.C. §227(b), 15 U.S.C. 1692k and 12 U.S.C. § 2617.

2. Venue and personal jurisdiction in this District are proper because Ocwen transacts business in this District and a material portion of the events at issue occurred in this District.

## THE PARTIES

3. Plaintiff is an adult resident and citizen of Mobile County, Alabama.

4.      Ocwen is a limited liability company formed outside the state of Alabama with its principal place of business in Florida. Ocwen's principal business is mortgage loan servicing. Ocwen is a "mortgage servicer" as that term is defined in 12 U.S.C. § 2605(i)(2).  A regular part of Ocwen's mortgage servicing business is the collection of money owed to a separate entity which is the actual lender or creditor with respect to the mortgage loan serviced by Ocwen.  Also, when Ocwen obtained the Plaintiff's loan for servicing, the loan was considered by the lender to be in default.  With respect to Plaintiff's loan, Ocwen was at all times a "debt collector" as defined by 15 U.S.C. §1692a(6).

## FACTUAL ALLEGATIONS

5.      On or about March 10, 2004, Plaintiff obtained a mortgage loan from Amerigroup Mortgage in the amount of $123,200.00 The loan was secured by her home in Mobile County, Alabama.

6.      Servicing of the plaintiff's loan was transferred to Ocwen on or about December of 2015.  At the time of the servicing transfer to Ocwen, the loan was considered by the lender to be in default.

7.       Soon after it assumed servicing of the loan, Ocwen began an aggressive collection campaign, attempting to collect the debt by making harassing telephone calls to Plaintiff's cellular telephone.

8.      Since it began servicing the plaintiff's loan, Ocwen has subjected Plaintiff to a barrage of collections calls.  Within four (4) years of the filing of this action, Ocwen's collectors have made dozens of calls to Plaintiff's cellular telephone line, all in an attempt to collect a debt.

9.      Most of Ocwen's calls were made from 800-746-2936 to Plaintiff's cellular telephone number, 251-***-**75

10. At all relevant times, the number called by Ocwen was listed on the FTC's "do not call" list.

11. None of the calls Ocwen made to Plaintiff were for an emergency purpose.

12. All of the calls were made using an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1). These calls were also made with an artificial or prerecorded voice.

13. Also, upon information and belief, Ocwen also called Plaintiff's cellular telephone using a system that blocks or masks the incoming number.

14. On several occasions, Plaintiff requested Ocwen to stop calling her cellular telephone and made it clear that Ocwen did not have her permission or consent for calls to her number. Ocwen, nevertheless, continued making numerous collection calls to Plaintiff's cellular phone.

15. Any consent for such calls which may have existed at the time Ocwen became the loan servicer was revoked by the Plaintiff.

16. The statute of limitations, applicable herein, has been stayed by the pendency of one or more class actions bringing the same or similar TCPA and FDCPA claims against Ocwen. For example, see *Snyder v Ocwen Loan Servicing, LLC.*, Case: 1:14-cv-08461, Northern District of Illinois Eastern Division.

17. Plaintiff timely and properly excluded herself from *Snyder*.

18. The telephone dialer system Ocwen used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.

19. The telephone dialer system Ocwen used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.

20. The telephone dialer system Ocwen used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.

21. The telephone dialer system Ocwen used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.

22. The telephone dialer system Ocwen used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.

23. The telephone dialer system Ocwen used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Ocwen.

24. The telephone dialer system Ocwen used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.

25. While Ocwen called Plaintiff's cellular telephone, Plaintiff's cellular telephone was unavailable for legitimate use during the unwanted calls.

26. Plaintiff also suffered damage from the harassing collection calls described above.

27. The damages suffered by Plaintiff include, but are not limited to, loss of use of her cellular phone for legitimate purposes, mental and emotional pain, distress, anguish, humiliation, frustration, anxiety and embarrassment.

## COUNT ONE
## (TELEPHONE CONSUMER PROTECTION ACT)

28. Plaintiff realleges and incorporates each of the preceding paragraphs as if fully set out herein.

29. This is a claim asserted against Defendant for violations of the federal Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, *et seq*.

30. The collection calls made by Ocwen to Plaintiff's cellular phone were made utilizing an ATDS and/or prerecorded message or artificial voice. The calls were made without Plaintiff's prior express consent and each such call constitutes a violation of the TCPA.

31. Some or all of the collection calls by Defendant using an ATDS and/or artificial voice or prerecorded message were made intentionally, without Plaintiff's prior express consent and in plain violation of the TCPA.

32. Plaintiff has suffered actual damages and injury-in-fact, including but not limited to mental anguish and emotional distress resulting from the unlawful calls, as well as loss of use of her phone for legitimate purposes. Such calls have also invaded Plaintiff's statutory rights provided under the TCPA.

33. As a result of Ocwen's violation of the TCPA, Plaintiff is entitled to an award of minimum statutory damages of $500.00 for each of the unlawful calls.

34. Because each of the unlawful calls were made intentionally, willfully and/or knowingly by Defendant, an award of statutory damages of may be increased to as much as $1,500.00 for each of the subject unlawful calls.

**WHEREFORE**, Plaintiff requests that this Court enter a judgment against the Defendant for violation of the TCPA and award the following relief:

    a. Statutory damages in the amount of $500.00 for each call that violated the TCPA;

    b. Enhanced statutory damages for willful and/or knowing violations of up to $1,500.00 for each unlawful call; and

    c. Such other, further, and different relief to which Plaintiff may be entitled as this Court may deem just and proper.

**PLAINTIFF DEMANDS TRIAL BY JURY AS TO ALL CLAIMS**

/s/ Earl P. Underwood, Jr.
EARL P. UNDERWOOD, JR.
KENNETH J. RIEMER
Underwood & Riemer, P.C.
21 South Section Street
Fairhope, Alabama 36532
Telephone:     251-990-5558
Facsimile:      251-990-0626
epunderwood@alalaw.com
*Attorneys for Plaintiff*

**<u>DEFENDANT TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:</u>**

Registered Agent Name CSC LAWYERS INCORPORATING SVC INC
Registered Office Street Address 150 S PERRY STREET, MONTGOMERY, AL 36104